NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AURELIO CARILLO RAMIREZ; et al., | No. 20-70116 |
| Petitioners, | Agency Nos. A208-305-469 |
| v. | A208-305-267 |
| | A208-305-268 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2021**

Before: CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.
Dissent by Judge VANDYKE

Aurelio Carillo Ramirez,[1] Erica Liliana Velasquez-Carrillo, and their child,

natives and citizens of Guatemala, petition for review of the Board of Immigration

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[1] Although Aurelio Carillo Ramirez's name appears as "Carillo Ramirez" on the court's docket, agency decisions, and Answering Brief, his I-589, Petition for Review, and Opening Brief show his name as "Carrillo Ramirez."

Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo purely legal questions, *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014), and the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Conde Quevedo*, 947 F.3d at 1241. We deny in part and grant in part the petition for review, and we remand.

Petitioners' contention that the BIA erred in not reaching the IJ's determination that their asylum applications were time barred fails. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

The agency did not err in concluding that petitioners' proposed particular social group based on opposition to gangs is not cognizable. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting

*Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Substantial evidence supports the agency's determination that petitioners failed to establish the harm they experienced or fear was or would be on account of their religion or political opinion. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009) (evidence showing gang victimization for personal reasons did not support a claim of persecution on account of a political opinion). Substantial evidence also supports the agency's determination that Carillo Ramirez failed to establish the harm he experienced or fears was or would be on account of his family membership. *See Ayala*, 640 F.3d at 1097.

Thus, Carillo Ramirez's asylum and withholding of removal claims fail. Velasquez-Carrillo's and their child's asylum and withholding of removal claims also fail as to a particular social group based on gang opposition, religion, and political opinion.

However, it does not appear the BIA analyzed Velasquez-Carrillo and their child's family-based claim, including whether their family-based particular social

3                                                                    20-70116

group was cognizable or whether they established the harm they experienced or fear was or would be on account of their family membership. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("[T]he BIA [is] not free to ignore arguments raised by a petitioner."). We therefore grant the petition for review as to Velasquez-Carrillo and their child's family-based asylum and withholding of removal claims and remand to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Substantial evidence supports the agency's denial of CAT relief because petitioners each failed to show it is more likely than not that they will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

As to Carillo Ramirez, the temporary stay of removal remains in place until issuance of the mandate and the motion for a stay of removal is otherwise denied.

As to Velasquez-Carrillo and their child, the motion for a stay of removal is granted, and their removal is stayed pending a decision by the Board of Immigration Appeals.

The parties shall bear their own costs on appeal.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

20-70116



*Carillo Ramirez, et al. v. Garland*, No. 20-70116

VANDYKE, Circuit Judge, dissenting:

In my view, the BIA adequately addressed the family-based social group as it was raised by petitioners.  Accordingly, I would deny the petition for review as to all petitioners.  Because the majority concludes otherwise, I respectfully dissent.

20-70116